## CIRCUIT COURT OF ROANOKE COUNTY

Industrial Acceptance Corp.

v.

Herbert D. Ward,
t/a Ward's Mobile Home Sales

January 19, 1962

By JUDGE F. L. HOBACK

On July 13, 1960, a civil warrant was obtained in the County Court of Roanoke County by Industrial Acceptance Corporation against Herbert D. Ward, t/a Ward's Mobile Home Sales, wherein the Plaintiff sued the Defendant for the sum of $1,825.00 with interest from December 22, 1959, at 6%, together with 15% attorney's fees due, according to the Plaintiff, from the Defendant "by note."

An affidavit of substantial defense was filed, and the case was removed to the Circuit Court on August 1, 1960. On September 30, 1960, an Order was entered permitting the Defendant to file an Answer, and in the Answer the Defendant denied that the debt was due on account of an alleged total failure of consideration, and denied that the Plaintiff was a bona fide holder for value in due course of the note sued on and contended that the Plaintiff did not pay value for said note. Thereafter, the Plaintiff took certain Depositions in Chicago, Illinois, pursuant to notice, on October 27, 1960, and Interrogatories were propounded by the Defendant unto the Plaintiff on March 4, 1961, and Answers thereto were filed by the Plaintiff on April 12, 1961. Thereafter, the testimony of Herbert D. Ward and others was taken on behalf of the Defendant on June 15, 1961, and filed in the Clerk's Office on June 26, 1961.

After a Pre-trial Conference was had, a Memorandum of Argument was filed on behalf of the Defendant on July 19, 1961, and the Plaintiff's Memorandum of Authorities and Argument was filed on September 9, 1961, and on October 4, 1961, the Defendant's Reply Memorandum was filed.

The Plaintiff contends that it is a holder in due course of the note sued on and is entitled to Judgment for the full amount of said note. The Defendant contends the Plaintiff is not a holder in due course, and that any defense that the Defendant may have against George S. May Company, the payee of the note, can be set up against the Plaintiff, Industrial Acceptance Corporation, holder of said note.

The original note is filed as an exhibit with the Depositions of Ralph S. McFarland and others, taken on behalf of the Complainant in Chicago, Illinois; and in the testimony of Herbert D. Ward, the Defendant, on page 7 thereof, does not deny his signature but, in fact, admits that he did sign the note. The chief contention of the Defendant in his evidence is that the George S. May Company did not do what it had contracted to do, and that the note was given in payment of services which were not received or were improperly performed. In the Depositions of the Plaintiff, Ralph S. McFarland, an officer of Industrial Acceptance Corporation, testified that the note in question was received by the Plaintiff in due course for value prior to its maturity, and without notice of any defect or defense. This evidence is not contradicted by the Defendant except in an effort on the part of the Defendant to show that there was some connection between the Plaintiff and George S. May Company which would give the Plaintiff notice of any defenses which the Defendant could assert against the said George S. May Company. However, the Defendant has not carried the burden of proof required to show this as against the contention of the Plaintiff that it is a holder in due course.

Under the negotiable instruments law, there is a prima facie presumption that every negotiable instrument has been issued for valuable consideration, (See Code Section 6-376) and what constitutes a holder in due course is set out in Code Section 6-404. There is no contention that the Plaintiff did not purchase for value before maturity, the note in question, and where this is true, the holding is prima facie bona fide, and the burden

is on the person denying the bona fides of the transaction to prove his case, as the law will not presume fraud. See *Andrews & Stone v. Fidelity Loan and Trust Company*, 103 Va. 196, 48 S.E. 884 (1904); *Catron v. Bostic*, 123 Va. 355, 96 S.E. 845 (1918).

Codes Section 6-41 provides that every holder is deemed prima facie to be a holder in due course, and while this presumption may be rebutted, the , burden of proof is on the Defendant to show otherwise.

> The most comprehensive presumption in favor of every holder is that *prima facie* he is taken to be a holder in due course, with all the rights that the term imports. That is to say, production of the instrument, with proof of his own title, including the genuineness of all signatures through which he must trace title, with no irregularity or other indication of an equity of infirmity on the paper itself, raises the presumption that he is a holder in due course--in other words, that he took the paper in good faith, for value and before maturity. . . . If the defendant proposes to contest the holder's right of recovery, he may do so, but the burden is on him to overcome the presumption by proper evidence. (See Lile's *Bigelow on Bills, Notes and Checks*, pages 386, 387 and 388.)

The Defendant contends that the Plaintiff could easily collect the amount of the claim from the George S. May Company by charging the account of said company, and, therefore, it would be inequitable to permit the Plaintiff to collect from the Defendant, and thus do away with any defense which the Defendant may have against the said George S. May Company. While this may be a practical result, nevertheless, it is one that the Court cannot control in the absence of the showing of some fraud or collusion on the part of the Plaintiff with the said George S. May Company.

The fact that the Plaintiff deals with the George S. May Company and discounts or purchases quite a bit of its negotiable paper, is not sufficient, standing alone, to couple up the Plaintiff with alleged fraudulent dealings on the part of the George S. May Company. The

Defendant has not introduced sufficient evidence to substantiate the contention on the part of the Defendant, nor can the Defendant complain because the Plaintiff sued the Defendant instead of first proceeding against the endorser George S. May Company.

> Assuming the holder to be a holder in due course, on dishonor and due notice given (with protest where required) he has a cause of action against every party bound on the paper; with the right to proceed against them in any order he may elect; or he may proceed against all at the same time. (See Lile's *Bigelow on Bills, Notes and Checks*, page 400.)

Certainly the holder of a note has a right at any time to proceed directly against the primary party, the maker of said note, without first suing the secondarily liable party, the endorser.

In the deposition taken on the part of the Plaintiff, it was shown from the evidence of M. V. Brown, Cashier of the George S. May Company, that the Plaintiff paid to said company, insofar as the note in question is concerned, the sum of $1292.84. It appears on the Schedule of Receivables filed as Exhibit No. 4 with said Depositions, that the Plaintiff deducted from the $1825.00 note a reserve of $456.25, interest of $53.51, handling charge of $22.40, or a total of $532.16. In this Deposition, Counsel for the Plaintiff asked Mrs. Brown to explain the difference between the face amounts of the notes listed in the Schedule of Receivables and the amount of a check paid by the Plaintiff to the said George S. May Company in the amount of $2772.50 filed as Exhibit 5 with the said depositions. The answer of this witness appears on page 11 of said Depositions:

> A. Well, when notes are sold to a bank or to the Industrial Acceptance Corporation, there is a charge made for handling the note, also an interest charge made, less 25%, and that makes up the difference.
> Q. And when the note is paid to the Industrial Acceptance Corporation does it remit the twenty-five percent reserve to the George S. May Company?

A. It does.

It, therefore, appears from the evidence of the Plaintiff that the entire amount due the said George S. May Company on said note has not been paid by the Plaintiff, and that as to this amount the Plaintiff is not a holder in due course. Section 6-406 of the Code provides that:

> When the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor he will be deemed a holder in due course only to the extent of the amount theretofore paid by him.

According to the evidence of the Plaintiff, the 25% reserved has not been paid to George S. May Company, but is to be remitted after collection. Consequently, as to the amount of $532.16, it is the opinion of the Court that the Defendant has the right to assert any defenses against the Plaintiff that it might or could assert against the George S. May Company. As to the balance, however, it is the opinion of this Court that the Plaintiff, as a holder in due course, is entitled to a judgment against the Defendant in the amount of $1292.84, with interest at 6% from December 12, 1959, together with 15% attorney's fees as provided for the note in question.

An appropriate Order may, therefore, be prepared in accordance with the views set out herein, and the Order setting up; the judgment in favor of the Plaintiff should recite that it is obtained on a homestead waiving obligation. Should the Plaintiff desire to proceed further in this action at law for the recovery of the $520.34 herein denied, then the Order should also provide for the continuance of this case in order that the appropriate evidence may be presented as to the contentions of the respective parties concerning the contract between George S. May Company and the Defendant.